IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

HIGH DESERT RELIEF, INC.,
a New Mexico Nonprofit Corporation,

    Petitioner,

v.                                    No. 16-CV-469 MCA/SCY and
                                        No. 16-CV-816 MCA/SCY

UNITED STATES OF AMERICA,
through its agency the INTERNAL
REVENUE SERVICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on *Petitioner's Motion to Stay Further [Enforcement] of March 31, 2017 Order on Petition to Quash* [Doc. 30]. The Court, having ordered an expedited response and reviewed the same, has reviewed the submissions, the relevant law, and is otherwise fully informed in the premises. The Court hereby **DENIES** the *Motion*.

## BACKGROUND

On March 31, 2017, the Court issued a *Memorandum Opinion and Order* dismissing Petitioner's two *Petitions to Quash* IRS summonses. [Doc. 28] The same date, the Court issued an *Order Enforcing Summons* directed to My Bank. [Doc. 29] On April 11, 2017, Petitioner High Desert Relief filed its *Motion to Stay Further [Enforcement] of March 31, 2017 Order on Petition to Quash*. [Doc. 30] High Desert argues that our Tenth Circuit Court of Appeals recently held oral argument in *The Green*

1

*Solution Retail, Inc. v. United States of America, et. al.*, Case No. 16-1281, and, according to Petitioner's counsel (the same counsel representing Green Solution, a Colorado marijuana dispensary), based on the questions posed by the panel at oral argument,[1] "there is a substantial likelihood the Tenth Circuit will find no delegation of authority" from Congress to the IRS for the IRS to investigate a potential violation of "federal drug laws." [Doc. 30, ¶ 5] The United States opposes Petitioner's *Motion*. [Doc. 32] The United States argues that Petitioner failed to meet its burden of showing that a stay pending appeal is appropriate. [Doc. 32, p. 2] *Inter alia*, the United States argues that the sole issue before the Court of Appeals in *Green Solution* is a different issue than that raised here. In *Green Solution*, the issue is whether the district court had the "jurisdiction to grant Green Solution an injunction preventing the IRS from investigating if Green Solution has violated the CSA [Controlled Substances Act]." [Doc. 32, p. 4]

Subsequent to the parties' briefing, on May 2, 2017, our Tenth Circuit issued its decision in *Green Solution*.[2] The Court held that the Anti-Injunction Act deprives federal courts of jurisdiction over Green Solution's suit to "enjoin the Internal Revenue Service (IRS) and related parties from investigating Green Solution's business records." *Green Solution Retail, Inc. v. United States*, __ F.3d __, No. 16-1281, 2017 WL 1573816, *1 (10th Cir. May 2, 2017). Next, the Court rejected Green Solution's argument that the Anti-Injunction Act did not apply because "the IRS was acting outside its authority in

---

[1] This argument is based on Counsel's recollection of the questions posed during oral argument – counsel did not supply this Court with a transcript or recording of the oral argument.
[2] The United States filed a *Notice* alerting the Court of our Tenth Circuit's decision in *Green Solution*. [Doc. 33] High Desert has not filed anything further.

2

investigating whether Green Solution trafficked in a controlled substance, which [Green Solution] claims is a criminal investigation properly carried out by the United States Attorney." *Id.* *8. The Court reasoned:

> [Section] 280E has no requirement that the Department of Justice conduct a criminal investigation or obtain a conviction before § 280E applies. *See Alpenglow Botanicals, LLC v. United States*, No. 16-cv-00258-RM-CBS, 2016 WL 7856477, at *4 (D. Colo. Dec. 1, 2016) (unpublished) ("If Congress had wanted such an investigation to be carried out or conviction to be obtained, then it could easily have placed such language in § 280E."). Instead, the IRS's obligation to determine whether and when to deny deductions under § 280E, falls squarely within its authority under the Tax Code. See I.R.C. § 6201(a) (authorizing and requiring the IRS "to make the inquiries, determinations, and assessments of all taxes . . . imposed by this title"); I.R.C. § 7602(a) (authorizing the IRS to "examine any books, papers, records, or other data which may be relevant or material to" "determining the liability of any person for any internal revenue tax"); *see also United States v. Clarke*, 134 S. Ct. 2361, 2364 (2014) (holding the IRS "has broad statutory authority to summon a taxpayer to produce documents or give testimony relevant to determining tax liability"). Thus, the AIA is implicated here.[8]

*Id.* In footnote 8, the Court stated:

> To the extent Green Solution argues the IRS exceeded its authority under the Internal Revenue Code, we lack subject matter jurisdiction to consider the merits of the argument. We decide here only that the IRS's efforts to assess taxes based on the application of § 280E fall within the scope of the AIA.

*Id.* n.8. In sum, the Court did not decide the issue raised here, except to the extent necessary to decide whether it had jurisdiction. To that extent, it rejected the argument that the IRS lacks the authority to investigate and make determinations required by Section 280E.

**ANALYSIS**

Our Tenth Circuit's decision in *Green Solution* moots the present *Motion*.

**CONCLUSION**

**WHEREFORE,** the Court hereby **DENIES AS MOOT** *Petitioner's Motion to Stay Further [Enforcement] of March 31, 2017 Order on Petition to Quash.*

**SO ORDERED** this 15th day of May, 2017 in Albuquerque, New Mexico.

_____
M. CHRISTINA ARMIJO
Chief United States District Judge